[Docket No. 7]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CRYSTAL JORDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BURLINGTON COUNTY<br>DEPARTMENT OF<br>CORRECTIONS,<br><br>    Defendant. | Civil No. 20-06858 (RMB/MJS)<br><br>OPINION |

**APPEARANCES**

Crystal Jordan
1101 Hunter Blvd.
Brown Mills, NJ 08015

    *Appearing Pro Se*

Margaret McHugh
Malamut & Associates, LLC
457 Haddonfield Rd., Suite 500
Cherry Hill, NJ 08002

    *On Behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

**I.    BACKGROUND**

    This matter comes before the Court upon a Motion to Dismiss filed by

Defendant Burlington County Department of Corrections ("Defendant"). [Docket

No. 7.] Plaintiff Crystal Jordan ("Plaintiff" or "Jordan") initiated proceedings before

this Court by filing the Complaint on June 4, 2020. [Docket No. 1.] Prior to filing a federal lawsuit, Ms. Jordan filed a complaint with the New Jersey Division of Civil Rights ("NJDCR") and Equal Employment Opportunity Commission ("EEOC"), claiming that she was subjected to unlawful discrimination on the basis of sex by her employer in violation of the New Jersey Law Against Discrimination (codified at N.J.S.A. 10:5-12) and Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C.A 2000(e)). [McHugh Decl., Docket No. 2, Ex. B.] More specifically, Plaintiff alleges that Defendant did not permit her and other female employees assigned to "female only" posts to take bathroom breaks, but permitted bathroom breaks for male employees.

The NJDCR launched an investigation, and in March 2019, issued a finding of "No Probable Cause" in which it informed Ms. Jordan of the state agency's decision not to pursue her claims because, among other things, NJDCR had interviewed female and male officers working at Defendant's correctional facility and determined that staffing issues caused officers to experience difficulty obtaining coverage for bathroom breaks irrespective of their sex. [McHugh Decl., Docket No. 2, Ex. C.] The EEOC adopted the findings of the NJDCR investigation and issued a Dismissal and Notice of Rights to Plaintiff, dated January 28, 2020 (the "Right to Sue Notice"), informing Plaintiff that she had ninety (90) days from the day she received the EEOC notice to file a lawsuit. [McHugh Decl., Docket No. 2, Ex. A.]

## II.    LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); and then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570). Moreover, courts in this circuit recognize that "[g]ranting a Rule 12(b) (6) motion based on statute of limitations grounds is proper if the complaint facially shows non-compliance with the limitations period." *Hruska v. Vacation Charters, Ltd.*, Civ. No. 06-1672, 2009 WL 223865, at *2 (M.D. Pa. Jan. 27, 2009) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978)).

### III. DISCUSSION

Defendant moves to dismiss the Complaint on three grounds: (1) Plaintiff has not effectuated sufficient service of process; (2) Plaintiff is time barred from bringing claims previously raised before the NJDCR and EEOC; and (3) Plaintiff's Complaint fails to allege a plausible claim of unlawful employment discrimination on the basis of sex.

With respect to Defendant's second argument, the Court agrees and finds that Plaintiff has not satisfied the threshold requirement to bring this suit because she did not timely file her Complaint of employment discrimination after the EEOC issued the Right to Sue Notice. Indeed, the applicable law is clear: "if the complainant does choose to bring a private action, it must be filed within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing 42 U.S.C. § 2000e–5(f)(1)). The 90-day limitation by which Plaintiff must have filed the Complaint "is akin to a statute of limitations rather than a jurisdictional bar" and "therefore. . .is subject to tolling." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (citations omitted). Thus, Plaintiff's suit may be permitted by the Court provided that she was "prevented from filing in a timely manner due to sufficiently inequitable circumstances," such as "when plaintiff received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending. . .when the defendant has actively misled the plaintiff[,] when the plaintiff 'in some extraordinary way' was prevented from asserting her rights[,] or

5

when the plaintiff timely asserted her rights in the wrong forum." [*Id.*] The Third Circuit has also recognized in this context that Fed. R. Civ. P. 6(e) "'create[s] a presumption that the notice was received three days after it was mailed' if 'parties dispute the date on which the plaintiff received notice of the EEOC's determination.'" *DeFrancesco v. Weir Hazelton, Inc.*, 232 F.R.D. 454, 456 (E.D. Pa. 2005) (quoting *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 253 n. 2 (3d Cir.1986)).

     Here, Plaintiff points out that she did not hear back from the EEOC until nine years after her initial filing with the NJDRC, and that when she finally received the Right to Sue Notice, the EEOC "did explain to the [P]laintiff that it wasn't her fault and to file the [s]uit within the ninety day or lose her rights to [s]ue." [Docket No. 9, at 2.] Plaintiff does not expressly state the day on which she received the Right to Sue Notice, issued January 28, 2020, so the Court will presume that it was received three days later on Friday, January 31, 2020. Nevertheless, Plaintiff did not file her Complaint until June 4, 2020, which was 126 days after the presumed receipt date of the Right to Sue Notice. Plaintiff has offered no basis regarding why the Court should consider tolling this matter, and nowhere in the respective pleadings does Ms. Jordan point out any inequitable circumstances that prevented her from timely filing a lawsuit in federal court. As such, according to Third Circuit precedent, Plaintiff's claims are time-barred. The Court also agrees with Defendant that to the extent Plaintiff attempts to raise new claims or plead addition facts not initially raised to the NJDCR and EEOC, they are procedurally time-barred. Thus, the Court will not allow Plaintiff to "bolster her claim by pleading additional facts. . .specifically that

she sustained bladder and urinary issues from having to wait for relief to use the restroom and alleging she is entitled to monetary damages for that reason." [Docket No. 7-1, at 11 (quoting *Wilson v. City of Wilmington*, 2015 WL 4594510 (D. Del. July 29, 2015) ("[A] plaintiff cannot greatly expand an investigation simply by alleging new and different facts when later bringing claims in the District Court."))].

IV. **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Defendant Burlington County Department of Corrections shall be **granted**. An accompanying Order shall issue.

December 3, 2021                s/Renée Marie Bumb
Date                            RENÉE MARIE BUMB
                                U.S. District Judge